UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRANDON MICHAEL DUPUIS,

      Petitioner,

v.

KIM CARGOR,

      Respondent,

_____/

Case No. 4:25-CV-11656
Honorable F. Kay Behm
United States District Judge

**OPINION AND ORDER DENYING THE PETITION FOR WRIT OF HABEAS CORPUS, DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY, AND GRANTING LEAVE TO APPEAL *IN FORMA PAUPERIS***

Brandon Michael Dupuis ("Petitioner"), filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his convictions for of first-degree premeditated murder, armed robbery, conspiracy to commit armed robbery, first-degree home invasion, conspiracy to commit first-degree home invasion, felon-in-possession of a firearm, and four counts of possession of a firearm in the commission of a felony (felony firearm).

For the reasons stated below, the petition for writ of habeas corpus is **DENIED WITH PREJUDICE**.

## I. Background

1

Petitioner was convicted following a jury trial in the Bay County Circuit Court. His co-defendant Devon Jovell Knights was convicted by a separate jury. This Court recites verbatim the relevant facts relied upon by the Michigan Court of Appeals, which are presumed correct on habeas review pursuant to 28 U.S.C. § 2254(e)(1). *See Wagner v. Smith,* 581 F.3d 410, 413 (6th Cir. 2009):

> The convictions arose from a home invasion by Dupuis, Knights, and a man named Brandon Miller. The prosecutor produced evidence, including surveillance-camera video footage, that Dupuis entered a home in Bay City through a window, let Knights and Miller inside, took a gun and money from a kitchen drawer, and shot and killed Tyler Gruber (Tyler), who lived in the home, when Tyler confronted Miller. Miller was also hit by a bullet. The residence housed a marijuana grow operation. Knights' jury was given instructions on aiding and abetting. Defendants were convicted and sentenced as previously stated, and they now appeal as of right.

*People v. Dupuis*, No. 361117, 2023 WL 9010128, at *1 (Mich. Ct. App. Dec. 28, 2023); *lv. den.* 513 Mich. 1111, 6 N.W.3d 381 (2024).

Petitioner seeks a writ of habeas corpus on the following grounds:

> I. Petitioner was denied his constitutional right to a fair trial when the trial court denied his request for lesser included offenses. U.S. Const., Am. XIV.

> II. Petitioner was denied his constitutional right to a fair trial when the trial court reversibly erred in admitting phone records and surveillance footage.

2

## II. Standard of Review

Title 28 U.S.C. § 2254(d), as amended by The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), imposes the following standard of review for habeas cases:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000).  An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id*. at 409.  A federal habeas court may

not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 410-11. "[A] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011).  To obtain habeas relief in federal court, a state prisoner is required to show that the state court's rejection of his or her claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.,* at 103.

### III. Discussion

### A. Claim # 1. The lesser included offenses instruction claim.

Petitioner first argues that he was denied due process and the right to a fair trial when the trial court refused to instruct the jury on lesser included offenses on several of the charges he was facing and ultimately convicted of, including the most serious charge of open

murder, for which Petitioner was convicted of first-degree premeditated murder. [1]

Petitioner's claim is non-cognizable on federal habeas review. "[T]he Supreme Court…has never held that the Due Process Clause requires instructing the jury on a lesser included offense in a non-capital case." *McMullan v. Booker*, 761 F.3d 662, 667 (6th Cir. 2014) (*citing to Beck v. Alabama,* 447 U.S. 625, 638, n. 4 (1980)). "Simply put, 'the Constitution does not require a lesser-included offense instruction in non-capital cases.'" *Id.* (*quoting Campbell v. Coyle*, 260 F.3d 531, 541 (6th Cir. 2001) (*citing Bagby v. Sowders*, 894 F.2d 792, 795–97 (6th Cir.1990) (en banc)). "Because the Supreme Court has never held that due process requires lesser-included-offense instructions in a non-capital case, [Petitioner's] claim rests on no such federal ground." *Id.* Thus, the failure of a state trial court to instruct a jury on a lesser included offense in a non-capital case is not an error cognizable in federal habeas review. *Bagby v. Sowders*, 894 F.2d at 797; *See also Scott v. Elo,* 302 F.3d 598, 606 (6th Cir. 2002).

---

[1] Under Michigan law, it is proper to charge a defendant with the crime of open murder. Such a charge gives a circuit court jurisdiction to try a defendant on first and second-degree murder charges. See *Taylor v. Withrow*, 288 F.3d 846, 849 (6th Cir. 2002).

5

Moreover, although Petitioner was convicted of first-degree murder, which carries a mandatory nonparolable life sentence, this offense would nonetheless be considered a non-capital offense for purposes of *Beck.* In *Scott v. Elo,* 302 F.3d at 606, the Sixth Circuit held that a criminal defendant who had been convicted of first-degree murder in Michigan and had been sentenced to life imprisonment without parole was not entitled to habeas relief based upon the trial court's failure to instruct on the lesser offense of involuntary manslaughter. In so ruling, the Sixth Circuit characterized the defendant's first-degree murder charge as being a conviction for a non-capital offense. *Id., see also Dansby v. Trombley*, 369 F. App'x 657, 660 (6th Cir. 2010) (trial court's failure to provide jury instructions on lesser-included offenses in petitioner's trial for noncapital murder charges was outside the purview of the AEDPA's habeas provision, as the Supreme Court had never held that due process required the giving of jury instructions on lesser-included offenses in noncapital cases); *Tegeler v. Renico,* 253 F. App'x 521, 524-25 (6th Cir. 2007) (Due process did not require jury instruction on the lesser-included offense of voluntary manslaughter in non-capital prosecution for first-degree premeditated murder).

Moreover, several other circuits have concluded that cases in which a defendant receives a sentence of life imprisonment without parole instead of the death penalty should be treated as a non-capital case, as opposed to a capital case, for determining whether due process requires that a trial court is required to instruct jurors on lesser included offenses. *Creel v. Johnson,* 162 F.3d 385, 390 (5th Cir. 1998); *Pitts v. Lockhart,* 911 F.2d 109, 112 (8th Cir. 1990)*; Rembert v. Dugger,* 842 F. 2d 301, 303 (11th Cir. 1988); *Trujillo v. Sullivan*, 815 F. 2d 597, 602 (10th Cir. 1987).

Petitioner is not entitled to habeas relief on his first claim.

**B. Claim # 2. The admission of evidence claim.**

Petitioner next argues that the surveillance footage from the victim's home-security system and certain text messages from Petitioner's telephone should not have been admitted into evidence because they were not authenticated and the text messages constituted inadmissible hearsay.

It is "not the province of a federal habeas court to reexamine state-court determinations on state-court questions." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).  A federal court is limited in federal habeas review to deciding whether a state court conviction violates the

7

Constitution, laws, or treaties of the United States. *Id.* Thus, errors in the application of state law, especially rulings regarding the admissibility of evidence, are usually not questioned by a federal habeas court. *Seymour v. Walker,* 224 F.3d 542, 552 (6th Cir. 2000).

Petitioner's claim that the surveillance videotapes and text messages were not properly authenticated under Michigan evidence law is not a cognizable habeas corpus claim. *See Hennis v. Warden, Chillicothe Corr. Inst.*, 886 F. Supp. 2d 797, 807 (S.D. Ohio 2012); *See also Dickens v. Chapman,* No. 19-1945, 2020 WL 832900, at *2 (6th Cir. Jan. 15, 2020) (denying certificate of appealability after district court denied habeas relief on petitioner's claim that the prosecutor had admitted unauthenticated evidence; "Dickens's claim does not deserve encouragement to proceed under that theory because the Supreme Court has not established that questions of authenticity implicate due process.").

Petitioner's claim that the text messages contained hearsay evidence would also not entitle him to habeas relief. The admissibility of evidence under Michigan's hearsay rules is not cognizable in a habeas corpus proceeding. *See Byrd v. Tessmer,* 82 F. App'x 147, 150 (6th Cir. 2003); *See also Rhea v. Jones*, 622 F. Supp. 2d 562, 589 (W.D. Mich.

2008); *Cathron v. Jones,* 190 F. Supp. 2d 990, 996 (E.D. Mich. 2002). The admission of this evidence in violation of Michigan's rules of evidence would not entitle petitioner to relief. Petitioner is not entitled to relief on his second claim.

## IV.  Conclusion

Before Petitioner may appeal this Court's dispositive decision, a certificate of appealability must issue.  *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b).  A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  When a court rejects a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong.  *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000).  "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

For the reasons stated in this opinion, the Court will deny Petitioner a certificate of appealability because he has failed to make a substantial showing of the denial of a federal constitutional right.  *See*

*Dell v. Straub,* 194 F. Supp. 2d 629,  659 (E.D. Mich. 2002).  However, although jurists of reason would not debate this Court's resolution of Petitioner's claims, the issues are not frivolous; therefore, an appeal could be taken in good faith and Petitioner may proceed *in forma pauperis* on appeal.  *See Foster v. Ludwick,* 208 F. Supp. 2d 750, 765 (E.D. Mich. 2002).

## V.  ORDER

Based upon the foregoing, **IT IS ORDERED** that:

(1) the petition for writ of habeas corpus is **DENIED WITH PREJUDICE.**

(2) A certificate of appealability is **DENIED.**

(3) Petitioner will be **GRANTED** leave to appeal *in forma pauperis.*

**SO ORDERED.**

Dated: March 4, 2026          s/F. Kay Behm
                              F. Kay Behm
                              United States District Judge